GEORGE CROOMES v. THE STATE.

No. 1968. Decided June 7, 1899.

Motion for Rehearing Decided December 18, 1899.

1. **Assault with Intent to Rape—Evidence—Declarations of the Assaulted Infant Female.**

On a trial for assault with intent to rape a female child, who was incompetent as a witness herself, because she did not understand the nature and obligations of an oath, it was competent to prove, as part of the res gestae, her statement and declarations made immediately after she came out of the house in which she had been assaulted.

2. **Same—Self-Serving Declarations of Defendant.**

On a trial for assault with intent to rape, where the prosecution had proved statements made by defendant but a few moments after the occurrence, which were tantamount to a confession of guilt, it was not competent for defendant to prove his statement to a deputy sheriff who arrested him two hours afterwards, and that his statements as a witness were the same as those made to said deputy sheriff. His statements to the deputy sheriff were self-serving and clearly inadmissible.

3. **Same.**

The admission of legitimate testimony can never justify or furnish· a predicate for the introduction of self-serving declarations.

4: **Verdict—Absence of Statement of Facts—Practice on Appeal.**

A complaint that the verdict is contrary to the law and· the evidence can not be considered on appeal in the absence of a statement of facts.

5. **Statement of Facts—Filing of Order of Judge Dating Back as of Term Time.**

See opinion for facts which are held to show a want of diligence by attorney for defendant to obtain and file a statement of facts. A judge has no authority to agree to or order that a statement of facts, approved after the time of filing has expired, be dated back and filed within that time.

6. **Assault with Intent to Rape a Female Under Fifteen Years of Age, Where She Consents.**

See opinion for construction of articles 608, 633, and 634 of the Penal Code, with reference with an assault with intent to rape; the court holding that whether the female, under 15 years of age, consents or not to an assault with intent to rape, it is an offense, and it makes no difference whether or not there is any force used upon her. Overruling Hardin v. State, 39 Texas Criminal Reports, 426.   ·

7. **Rule as to Construction of Statutes.**

In the exposition of a statute, the intention of the lawmaker will prevail over the literal sense of the terms, and its reason and intention will prevail over the strict letter. Where the words are not explicit, the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt,. and the remedy in view.

8. **Assault with Intent to Rape a Child.**

By the weight of authority in the United States, a child under the age of consent is incapable of consenting to the sexual act, and therefore anyone attempting to have sexual connection with a female under the age of consent is guilty of rape if the connection is consummated, and of assault with intent to rape if it is not consummated, even if such female does give her consent to the act.

DAVIDSON, Presiding Judge, dissents.   ·

ON MOTION FOR REHEARING.

9. **Assault with Intent to Rape a Child—Force.**

In a prosecution for assault with intent to rape a child, while it is essential, under· our statutes, both to allege and to prove that the ·act was accomplished by force,

an allegation in the indictment is a sufficient charge of force which alleges the assault; and a sufficient proof of force is shown by the physical force used in attempting to copulate with the child. This is violence with intent to injure the person of another, and constitutes the force applicable to assault and battery under our statute.

**10.   Same—Evidence—Declarations of Prosecutrix—Res Gestae.**

In assault with intent to rape, it is not essential as a predicate for the introduction in evidence of the declarations of the prosecutrix which were clearly res gestae, that the prosecutrix should have testified or should have been competent to qualify as a witness.

**11.   Absence of Statement of Facts.**

In the absence of a statement of facts it can not be determined that evidence, even if improperly admitted, was of a prejudicial character.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. HALL.

Appeal from a conviction for assault with intent to rape a female under fifteen years of age; penalty, thirty-five years imprisonment in the penitentiary.

Appellant was cook in a boarding-house, and occupied a little house in the yard of the boarding-house. The house was run by Mrs. Hall. A. J. McClure, wife, and little girl were boarders at the house. Some time in May the girl came home in the afternoon from school and went into the yard to play. She was heard crying a short time afterward, and, according to the statement of her mother, came out of the house occupied by appellant, crying, and a short time thereafter made to her mother the statement that appellant had gotten her to come into his house to show her a pretty, and that he had laid her on the bed, unbuttoned her panties, and had taken a long, black thing out of his pants and hurt her; that the child was then examined and bathed by her mother with warm water, and afterwards examined by Mrs. Hall, and then examined respectively by the county physician, Dr. Rucker, and afterwards by Drs. Osborne, Yater, and Osborne, none of whom testified to any injuries in or in the immediate vicinity of the vagina, but all of whom testified to more or less redness of the parts of the body around the private organ of the child. Dr. Rucker, who examined the child in a very short time after the alleged injury, stated that there was a small area, about as large as his thumb, an inch or two above the pubic bone, but the physicians stated that the irritation that they saw could have been produced by hot water and a rag, such as the mother told them she had used.

*O. S. Latimore,* for appellant.—The facts failed to show a specific intent to carnally know the alleged injured party.

To warrant a conviction there must be more than a suspicion or probability of guilt. Hodde v. State, 8 Texas Crim. App., 383; Griffith v. State, 9 Texas Crim. App., 372.

When a witness is incompetent to testify, statements and declarations of the person are inadmissible also. Smith v. State, 41 Texas, 352.

40th Crim. Reps.—43

The indictment is insufficient, for the reason that it fails to negative the consent of the injured party. Welch v. State, 46 S. W. Rep., 812; Hardin v. State, 39 Texas Crim. Rep., 426.

The court should have charged on aggravated assault, appellant denying any assault, and the evidence leaving it doubtful whether he intended to gratify his carnal appetite by force, and at all hazards. McCulloch v. State, 47 S. W. Rep., 990.

*Robt. A. John*, Assistant Attorney-General, for the State.—The testimony of an incompetent witness is admissible when part of the res gestae, is consonant with reason, and has been so decided. People v. Murphy, 45 Cal., 137; Harriman v. State, 57 Mo., 93; McGee v. State, 21 Texas Crim. App., 670. As to tests of what is res gestae, see Wills. Crim. Proc., sec. 16, p. 297; Underh. Crim. Ev., pp. 468, 474; People v. Ah Lee, 60 Cal., 85; Whart. Crim. Ev., 8 ed., 262, 263; McGee v. State, 31 Texas Crim. Rep., 71; Testard v. State, 26 Texas Crim. App., 260; Castillo v. State, 31 Texas Crim. Rep., 145.

Carnal knowledge of a female under the age of consent is per se rape; and an assault alleged to have been committed upon a female within nonage need not allege force, that not being an element of the offense. Allen v. State, 36 Texas Crim. Rep., 381; Moore v. State, 20 Texas Crim. App., 275; Davis v. State, 42 Texas, 226; Rodgers v. State, 30 Texas Crim. App., 510; Mooney v. State, 29 Texas Crim. App., 257; Payne v. State, ante, p. 202.

*O. S. Lattimore*, on motion for rehearing, as to the inadmissibility in evidence of the statements of the injured female child, cited Holst v. State, 23 Texas Crim. App., 1; Pefferling v. State, 40 Texas, 486; 3 Greenl. on Ev., 15 ed., sec. 213; Reddick v. State, 35 Texas Crim. Rep., 463; Lee v. State, 74 Wis., 45; Lowe v. State, 97 Ga., 792; Baccio v. People, 41 N. Y., 265-272; Thompson v. State, 38 Ind., 39; People v. Stewart, 97 Cal., 238; Stevens v. People, 158 Ill., 111.

The law is believed to be settled that, where a child is unfit to be sworn, it follows, as a natural consequence, that any account it may have given of the transaction to others ought not to be admitted. 1 Phillips Ev., 5; 1 Russ. on Crimes, 695; 1 Chitty Crim. Law, 190; Starkie on Ev., 117; Reg. v. Gutheridge, 9 Car. & P., 471; People v. McGee, 1 Denio, 24.

The court in its charge did not properly define force, and refused defendant's special requested instructions upon that question. The use of some degree of force is absolutely necessary to constitute assault with intent to rape, and the force must be such as is necessary to accomplish penetration. The court must define force. Dockery v. State, 35 Texas Crim. Rep., 487; Brown v. State, 27 Texas Crim. App., 330; Robertson v. State, 30 Texas Crim. App., 493; Power v. State, Id., 662; Mitchell v. State, 32 Texas Crim. Rep., 479; Shields v. State, Id., 498; Pefferling v. State, 40 Texas, 486.

The offense of assault with intent to rape can only be committed by

the use of force.    Burney v. State, 21 Texas Crim. App., 565; Melton v. State, 23 Texas Crim. App., 204.    Or attempted force:  Carroll v. State, 34 Texas Crim. Rep., 366; Taylor v. State, 22 Texas Crim. App., 529.

BROOKS, JUDGE.—Appellant was indicted for an assault with intent to rape one Nora McClure, a female, then and there under the age of 15 years; and another count is that he did then and there unlawfully attempt to have carnal knowledge of Nora McClure, a female, then and there under the age of 15 years, said attempt not constituting an assault with intent to commit the offense of rape.    Upon this indictment appellant was convicted, and the jury assessed his punishment at confinement in the penitentiary for thirty-five years, and he appeals. .

The record does not contain a statement of the facts, and there are but two bills of exception.    The first bill of exceptions complains of the action of the court permitting Mrs. McClure, the mother of the injured child, to testify as to certain statements which were made by the child to her a short time after the alleged assault, to which defendant objected, because such statements would be hearsay, and because said Nora McClure was incompetent to testify, and such evidence would be the repetition of the statement of a person who was so incompetent; which objections were overruled, and Mrs. McClure testified:  "I was about twelve feet from the negro's house when the door opened, and Nora came out, crying.    I took her up, and asked her what was the matter, and took her about fifteen steps away and talked to her about it.    And she said George got her to come into his room by telling her he wanted to show her a pretty, and that he unbuttoned her panties and unbuttoned his pants, and took out a long, black thing, and hurt her."    It appears from the first part of this bill that the judge had declared said Nora McClure as incompetent to testify, on the ground of incapacity to understand the nature and obligation of an oath.    We do not think the contention of appellant is correct.    The mere fact that the child was incompetent to testify in court would not render her statement inadmissible when the same was almost a part and parcel of the act itself.    It appears that the mother did not take the child more than fifteen steps from where the injury occurred, and the declaration was there made by her as to what appellant had done to her.    We think the evidence was admissible as part of the res gestae, and the mere fact that the child was incompetent to testify as a witness in the trial would not render her statement in the present instance inadmissible. Certainly her acts and declarations do not show any character or kind of premeditation, but are what the books frequently term "verbal acts," and clearly come within the rule of res gestae.   People v. Ah Lee, 60 Cal., 85; McGee v. State, 31 Texas Crim. Rep., 71; Testard v. State, 26 Texas Crim. App., 260; Castillo v. State, 31 Texas Crim. Rep., 145; Whart. Crim. Ev., 8 ed., pp. 262, 263; Underh. Crim. Ev., p. 468.    The only authority we have found that states the contrary of this proposition is Underhill on Criminal Evidence, p. 474, in this language:  "If the complainant is too young to comprehend the nature and responsibility of an

oath, her testimony is not admissible, nor are her statements made out of the court permitted to be proved." In support of this proposition the text cites Reg. v. Nicholas, 2 Car. & K., 246; Rex v. Williams, 7 Car. & P., 320. These authorities are not before us, but we do not think they announce the correct principle of the law in this case.

Appellant's second bill of exceptions complains of the action of the court permitting the witness Mrs. McClure to testify: That when she went towards defendant's room the door was opened, and the child came out, and the defendant sprang behind the door; and that she saw the skin of his body between his pants and shirt; and that, after she took the child away, she came back and talked to defendant, and asked him what he meant by mistreating her child so; and defendant said: "Mrs. McClure, I have not hurt her yet. For God's sake don't tell on me and I will do anything on earth you want me to." That thereafter defendant was a witness on his own behalf, and testified: "The child came out to my room, with her little drawers down, and wanted me to fasten them up, and I declined, and she commenced to cry; and her mother came and took the child down to the closet, and whipped her and then came back, and asked me what I had done to the child, and I said 'Nothing,' and she said I had, and that she was going to tell her husband on me, and he would kill me, and I begged her not to do anything like that, for he might just come out there and kill me without giving me a chance to explain; and I did not say to Mrs. McClure, 'I have not hurt her yet; for God's sake don't tell on me.'" And that thereafter defendant offered as a witness Wiley Pollard, the deputy sheriff who arrested him, and offered to prove by said Pollard that he had a conversation with defendant two hours after his arrest, and before he had consulted counsel, and before he had seen anyone; and that defendant, in said conversation with him, made the same statement as made by him on the witness stand,—to which the State objected, and the court sustained the objection. And the bill further shows that by said Pollard defendant would have proved that about two hours after his arrest he made to said Pollard the same statement as by him here testified. There certainly was no error in the court's refusal to permit the introduction of the statement of the witness Pollard, because the same was a self-serving declaration of appellant, and as clearly within this rule as it is possible to make one. We do not gather from the bill that appellant objects to the testimony of Mrs. McClure, but, as we understand the bill, her testimony was placed in it in order to show that the testimony of the witness Pollard was admissible. We do not think her testimony, although admissible itself, would justify the witness Pollard to detail the self-serving declarations of appellant. We know of no rule which says that the admission of testimony perfectly legitimate will justify or furnish a predicate for appellant to introduce self-serving testimony.

Appellant's first ground of complaint in his motion for new trial is that the verdict of the jury is contrary to the law and the evidence. We can not consider this contention in the absence of the statement of facts.

And in this connection we find among the papers what purports to be a statement of the facts, filed since the making up of the transcript. The transcript was filed in this court on February 23, 1899, at Dallas, and the purported statement of facts was filed on March 15, 1899. Attached to the purported statement of facts is an affidavit, substantially as follows: "O. S. Lattimore states that he was attorney for appellant, who was tried on June 18, 1898, in the District Court of Johnson County, charged with assault to rape one Nora McClure; that in the afternoon of the date of said trial three witnesses testified; that up to noon there was no stenographer to take down the evidence, but that when court adjourned for dinner affiant procured the services of H. R. Whyte, a competent and reliable stenographer, who took down the testimony of the other witnesses and of Mrs. McClure when she was recalled in the afternoon; that all that part of the statement of facts hereto attached was taken down and written out by said stenographer. Affiant says that immediately after the conviction of said Croomes he made a motion for new trial and in arrest of judgment, which was duly filed. Affiant requested that he be notified at his home in Fort Worth, Texas, of such time as the district judge would hear said motion. Affiant was subsequently notified that said motion would be heard and disposed of upon, to wit, the —— day of ——, and was present and presented said motion in person; but that same was overruled. That said day upon which action was had upon said motion was at the end of the said term of the court, and affiant moved the court to grant him a ten-day order in which to file said statement of facts, which the court stated to affiant would be entered. That Hon. J. M. Hall, the judge of said court, then stated to affiant that, if said statement of facts was not agreed upon and filed within the time so allowed by law, that he would have the same filed back as of a date within said time so allowed by law. That affiant immediately requested said stenographer to make out and prepare that part of said statement of facts which was taken down by him, and affiant at once prepared a correct statement of such of the facts of this case as were not heard by said stenographer; and within a day or two after the order of said court overruling said motion affiant forwarded said entire statement of facts to the county attorney of Johnson County, requesting him to examine same, and agree to same, and have same approved by said judge, and filed with the record. That prosecuting attorney, instead of doing so, and failing and refusing to agree to said statement, and to submit same to said judge, or to file the said statement of facts, together with one made out by himself with said judge, kept same for some time, and then returned same to affiant with a statement that he could not agree to same, and with a further statement that he would not agree to the statement made out by the stenographer. Affiant thereupon returned said statement to said county attorney with the request that he submit same to the said judge, whom affiant was informed was away from his said home, and in another part of his district, and to have the same filed. Affiant says that he was not informed that there was no statement of facts filed, and fully believed that same was

filed until, to wit, the —— day of January, 1899, when he was informed that none was filed, and then asked said prosecuting attorney for his said statement, and said attorney informed him that he did not know where the same was. Affiant further states that he made every effort to get the same filed as above indicated, and that the statement hereto attached is a correct statement of the facts."

We have thus copied the entire showing of appellant why the statement of facts was not filed in accordance with law. The same presents no semblance of reason or excuse why the same was not filed, and we would not review the matter at all were it not for the serious charge against appellant. Affiant states that the district judge agreed to file the statement of facts back, although it was not presented within the ten days allowed by his order. There is no statute or law in Texas that permits the district judge to do anything of the kind; and certainly, if appellant was relying upon such matter, it would not show diligence. but would show a reckless disregard of a statutory provision. This trial occurred in Johnson County. Appellant's counsel states that he resides in Fort Worth. All the above and foregoing facts, without reiterating them here, show that no such diligence has been resorted to by appellant or his counsel as will entitle him to a consideration of the purported statement of facts. Nichols v. State, 37 Texas Crim. Rep., 616; Spencer v. State, 34 Texas Crim. Rep., 238.

The fourth ground of appellant's motion for new trial is that the court erred in refusing to instruct the jury that there must have been an intention in the mind of defendant at the time of the alleged assault to use whatever force might have been necessary to overcome resistance on the part of said Nora McClure. And his fifth ground is that the court erred in failing to tell the jury that in an assault with intent to rape there must have been force used by defendant. The sixth ground is that the court erred in failing to define an assault with intent to rape. We will consider these assignments together, as they involve the principle of law enunciated in Hardin v. State, 39 Texas Criminal Reports, 426. In order to get the matters involved in this question to proper shape, we will state the statutes germane to and bearing upon the offense charged in the indictment. Article 633, Penal Code, defines rape as "the carnal knowledge of a woman, without her consent, obtained by force, threats or fraud, or a female under the age of fifteen years, other than the wife of the person, with or without her consent, and with or without the use of force, threats or fraud." Article 608 provides that "if any person shall assault a woman with intent to commit the offense of rape, he shall be punished," etc. Article 611 defines an assault with intent to commit a crime as the existence of facts which bring the offense within the definition of an assault, coupled with the intent to commit such offense. Article 587 defines an assault as an attempt to commit a battery. Article 640 provides that on the trial of an indictment for rape, if that offense, though not committed, shall be attempted by the use of any of the means spoken of in articles 634 to 636,

to wit, force, threats, or fraud, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may convict of an attempt to commit the offense.   The latter clause of the syllabus in the Hardin Case, supra, which conforms with the opinion, is: "Held, that there could be no assault of a female consenting to sexual intercourse, though under fifteeen years of age, and therefore, rape not having been consummated, a defendant could not be convicted of an assault with intent to rape; nor, since there was no force, threats, or fraud used, was he guilty of an attempt to commit the offense, as provided in article 640." We do not agree to this proposition, but think the very converse of this is the law of this State.   Before passing to other matters, we note one statement in the opinion in the Hardin Case, supra, as folllows: "Why could not the Legislature prohibit the consummated act without intending to punish for an attempt to commit the act? In other words, we are of the opinion that the Legislature simply desired to punish the completed act, and nothing more." We wish to say here that the Legislature never did expect that the courts of this country would place the interpretation upon the law of assault with intent to rape that was placed upon it in the Hardin Case. To say that the Legislature of Texas would hang a man for the consummated act of rape, and yet not desire to punish him at all for assault with intent to rape, under any contingencies, is a proposition to which we can not agree. Then, if the Legislature did not intend such a construction, we feel constrained, if the language of the statute is susceptible of a rational, sensible, and reasonable construction that will give validity, strength, and force to every phase of the law, that that construction should be adopted. "Where the intent of the Legislature and the object and purpose of a law are plainly apparent, and such manifest intent and purpose are not inconsistent with, or outside the terms of the law, it is not allowable to permit the intent and purpose to be defeated merely because not defined and declared in the most complete and accurate language. 'It is generally true that, where words used in a statute are clear and unambiguous, there is no room left for construction; but when it is plainly perceivable that a particular intention, though not precisely expressed, must have been in the mind of the legislator, that intention will be enforced and carried out, and made to control the strict letter.' " Black. Interp. Laws, p. 73. " 'No statute is written, so to speak, upon a blank in the institutions of society. No such blank exists or can exist. * * * In every case the statute is a thread of woof woven into a warp which before existed. It is never to be contemplated as a thing alone, but always as a part of a harmonious whole. * * * A new statutory provision cast into a body of written and unwritten laws is not altogether unlike a drop of coloring matter to a pail of water. Not so fully, yet to a considerable extent, it changes the hue of the whole body; and how far and where it works the change can be seen only by him who comprehends the rela-

tions of the parts, and discerns how each particle acts upon and governs and is governed by the others.' Now, it is always presumed that the Legislature does not intend to be inconsistent with itself, that it does not intend to make unnecessary changes in the existing laws, and that statutes are not to be repealed by implication. Hence arises the rule that in case of any doubt or ambiguity a statute is to be so construed as to be consistent with itself throughout its extent, and so as to harmonize with the other laws relating to the same or kindred matters." Id., p. 60. And again: "Every statute is to be construed with reference to its intended scope and the purpose of the Legislature in enacting it; and where the language used is ambiguous, or admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute." Id., p. 56. And Mr. Endlich, in his work on the Interpretation of Statutes (page 33), says: "But it is another elementary rule that a thing which is within a letter of the statute is not within the statute unless it be also within the meaning of the Legislature; and the words, if sufficiently flexible, must be construed in the sense which, if less correct grammatically, is more in harmony with that meaning. Language is rarely so free from ambiguity as to be incapable of being used in more than one sense, and to adhere rigidly to its literal and primary meaning in all cases would be to miss its real meaning in many. If a literal meaning had been given to the laws which forbade a layman to lay hands on a priest, and punish all who drew blood in the street, the layman who wounded a priest with a weapon would not have fallen within the prohibition, and the surgeon who bled a person in the street to save his life would have been liable to punishment." Mr. Sutherland says: "Words and clauses in different parts of a statute must be read in a sense which harmonizes with the subject matter and general purpose of the statute. No clearer statement has been or can be made of the law as to the dominating influence of the intention of a statute in the construction in all its parts than that which is found in Kent's Commentaries: 'In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms, and its reason and intention will prevail over the strict letter. When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant with reason and good discretion.'" Suth. St. Const., p. 219.

Applying the foregoing rules of construction, and considering the Penal Laws of the State of Texas as one system, let us apply said rules to the articles quoted above. Article 633 provides in substance that it is rape to have carnal knowledge of a female under 15 years of age, not the wife of the person committing the rape, with or without her consent, and with or without the use of force, threats, or fraud. Article 608 provides that, if any person shall assault a woman with the intent

to commit the offense of rape, he. shall be punished, etc. Article 634 provides, "The definition of force as applicable to assault and battery applies also to the crime of rape, and it must have been such as might reasonably be supposed sufficient to overcome resistance taking into consideration the relative strength of the parties and other circumstances of the case." Now, considering all three of these statutes as a whole, in the light of the authorities above quoted on interpretation of statutes, can it be justly said that there must necessarily be force used upon a female under 15 years of age, or nonconsent upon her part, before there can be an assault with intent to rape. The Code provides that any unlawful violence upon the person of another, whatever be the means or degree of the violence, is an assault. There is no statute or construction of a statute on the question of assault saying that the consent of the injured party prevents the act from being an assault. If the act is unlawful, it is an assault. The mere fact that the party injured consents to it does not prevent it from being an assault. Therefore, without elaboration, we hold that, whether the female under 15 years of age consents or not to an assault with intent to rape, it is an offense, and it makes no difference whether or not there is any force. To hold otherwise destroys the unity of these statutes, and renders invalid a provision of the assault with intent to rape statute. This position is strengthened by the previous adjudications of our own court. As far back as Mayo v. State, 7 Texas Criminal Appeals, 342, Presiding Judge White said, in combating the idea that force is necessary to make out an assault with intent to rape: "The answer to this proposition is that the law makes carnal intercourse of a female under ten years ipso facto rape; the tender years of the female stand in lieu of and supply all that would be requisite to allege and prove in other cases. Now, if the party can be convicted and punished where he has accomplished his purpose, is it not, a fortiori, absurd to say he can not be punished under similar circumstances for attempting to perpetrate the crime? The law says it is not necessary that force, fraud, or threats shall be used on a female under ten in ravishing her, and, if she consents, it is rape nevertheless. And so in the attempt she may consent, and yet the attempt is an act of force and fraud, because she is incapable of consent, and to take advantage of her consent is both force and fraud in contemplation of law." This decision was rendered some time during the year 1879, and it has since then, by a train of decisions of this court been upheld, until June 15, 1898, when the case of Hardin v. State, supra, was decided. And in Mooney v. State, 29 Texas Criminal Appeals, 257, Judge Hurt, who rendered the opinion in Hardin v. State, supra, used this language: "The second position urged by the State is that, 'the woman being asleep when penetrated, rape is the result, though no greater force is used than that involved in the act.' We have given this proposition a thorough examination. The authorities are quite inharmonious. Apparently there is a serious conflict of opinion

upon this subject, but, when carefully scrutinized, the conflict will be found to a great extent apparent only. Our researches lead us to these conclusions: If the statute defines rape to be carnal knowledge of a woman by force, and without her consent, then the proposition above stated is correct. On the other hand, if the statute defines rape to be the carnal knowledge of a woman by force, and against her consent, then the proposition is not correct. Some cases hold the proposition correct whether the statute says 'against' or 'without.' Harvey v. State (Ark.), 14 S. W. Rep., 645 (Dec. 1, 1890). But we will let Lord Campbell, C. J., state the rule. He states the result of the authorities very clearly, as follows: 'The question is, what is the real definition of the crime of rape,—whether it is the ravishing of a woman against her will or without her consent. If the former is the correct definition, the crime is not in this case proved; if the latter, it is proved.' Reg. v. Fletcher, Bell, Crown Cas., 71. But it may be asked, what about force? If only the force commonly involved in the act is sufficient, why is it made a part of the definition of the offense? From the authorities we conclude that force is added as a test of consent. Without any test, we know absolutely that, if asleep, she did not consent. If awake, to be raped, she must not consent. Here we have a question of fact which, owing to its nature, is very difficult of solution, and hence the necessity for a severe and searching test. * * * When the woman is asleep there is no contest of strength, and hence no necessity for greater force than that ordinarily involved in the act." We think the principle enunciated in the Mooney Case, supra, is correct, and clearly at variance with the principle announced in Hardin v. State, supra. Referring to the authorities throughout the United States, we find this general summary of the same in 2 American and English Encyclopedia of Law (second edition), p. 987: "By the weight of authority in the United States a child under ten years (in some States twelve years) of age is incapable of consenting to the sexual act, and therefore anyone attempting to have sexual connection with a female under the age of consent is guilty of rape if the connection is consummated, and of assault with intent to rape if it is not consummated, even if such female does give her consent to the act."

We do not deem it necessary to review the authorities on this question further, but will say in conclusion that we do not think that the Legislature intended to say that a child under the age of consent could not have an assault with intent to rape committed upon her where she consents. Nor do we think it necessary to allege that any force was used, or to prove any force; and therefore we hold that the indictment in this case alleges an offense within the letter and spirit of the law of assault with intent to commit rape upon a female under the age of 15 years. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, dissents.

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case comes before us on motion for rehearing. I concurred in the original opinion affirming this case. There are some expressions in the opinion, however, to which I do not yield my assent. I believe that in an assault with intent to rape on a person under 15 years of age, with her consent, there must be force used, and the same character of force used as in an assault and battery. The element of consent vel non, however, is not an essential feature of an assault. For a full discussion of my views on this subject, see the dissenting opinion in Hardin v. State, 39 Texas Criminal Reports, 426. I quote from that opinion as follows: "In an assault with intent to rape, the same character of force must be used as is used in the crime of rape. This force must be applicable to an assault and battery and such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and all the other circumstances of the case. The doing of any violence to the person of another, with intent to injure (even the laying of one's hands upon the person with such intent), is, under our law, an assault and battery. The intent here is to have carnal intercourse with the child; consequently, to injure her. The completed crime, all concede, would be rape, under our statute; but it is claimed that, because the child consents that the carnal intercourse should take place, none of the incipient stages, short of the consummated act, would be an assault, no matter how much violence was used, short of the consummated act of intercourse. This doctrine, to my mind, is not only unsound, but is dangerous. Of course, there must be force used, and the same kind of force as is used in an assault or an assault and battery; and this must be sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case. Now, what other circumstances of the case? Evidently that the assaulting party was a strong, vigorous man, and that the prosecutrix was a helpless child, ignorant, having no mind as to the enormity of the offense, and incapable of yielding her consent. Under such circumstances, I insist that when an adult male person takes hold of a child, and lays her down, pulls up her clothes, gets on top of her, and is making preparation to penetrate her female organ with his male organ, and is interrupted before the accomplishment of his purpose, he is guilty of an assault with intent to rape. The acts indicated are all acts of force,—the same character of force used in an assault and battery,—and constitute, on the part of the assailant, all of the elements of an assault and battery; and the fact that she yielded her assent is immaterial, as she could not consent to the assault on her." From this it will be seen that, according to my view, an indictment would be vicious which did not allege some character of force used on a girl under age. The State requires the same character of force necessary to constitute an assault and battery, and so I hold that an allegation in the indictment of an assault

is a sufficient charge of force, and a sufficient proof of this force consists in the physical force used in attempting to copulate with the child. There must be sufficient physical force used, in connection with the other circumstances of the case, to establish beyond a reasonable doubt the purpose of appellant to have carnal intercourse with the child. Our statute makes the completed act rape; and I only follow in the wake of the authorities when I hold that an attempt to rape, where some physical force is shown, and the evidence also shows that the defendant has the ulterior purpose to have carnal knowledge of the child, although with her consent, is an assault with intent to rape. I quote from 1 McClain, Criminal Law, section 464, which is also cited in the Hardin Case, supra, as follows "But where, as is the rule in most States, the connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape, the consent of the child being wholly immaterial. In such a case, according to other authorities, the doctrine that a child under the age of consent can not give a valid assent to an act of intercourse is applicable also to the assault,"—citing People v. McDonald, 9 Mich., 150; Fizell v. State, 25 Wis., 364; State v. Meinhart, 73 Mo., 562; State v. Wheat, 63 Vt., 673, 22 Atl. Rep., 720; Davis v. State, 31 Neb., 247, 47 N. W. Rep., 854; Murphy v. State, 120 Ind., 115, 22 N. E. Rep., 106; State v. Newton, 44 Iowa, 45; Territory v. Keyes, 5 Dak., 244, 38 N. W. Rep., 440; State v. Johnston, 76 N. C., 209; Glover v. Com., 86 Va., 382, 10 S. E. Rep., 420; McKinney v. State, 29 Fla., 565, 10 South. Rep., 732. To these I add State v. West, 39 Minn., 321, 40 N. W. Rep., 249; Hays v. People, 1 Hill, 351. The indictment charges an assault, and, in my view, that is a sufficient charge of the force used. The evidence is not before us, and, of course, we are unable to state the proof on this subject. We can only assume that it established the allegations of the indictment.

Appellant, in his motion for new trial, again raises the question as to the admissibility of the testimony of Mrs. McClure, the mother of the injured female, as to what the child told her immediately after the alleged outrage. The bill shows that Mrs. McClure was within a few feet of where the outrage was being perpetrated. The child came out of the room crying, and her mother went to her and asked her what was the matter, and she replied that "George [defendant] got her to go into his room by telling her he wanted to show her a pretty, and that he unbuttoned her panties, and unbottoned his pants, and took out a black thing and hurt her." The objection urged to this is that it was hearsay. The court doubtless admitted it as part of the res gestae. Appellant insists that the testimony was not admissible, because it was a statement of a child not competent to testify in the case, and cites us to a number of authorities in support of his proposition, among others, to Holst v. State, 23 Texas Crim. App., 1; Reddick v. State, 35 Texas Crim. Rep., 463. And these authorities bear out the proposition that a witness may be corroborated in her testimony that, recently after the

commission of the offense, she made a statement to the effect that she had been outraged, but that she can not be permitted to give the particulars of the transaction. This is good law, but is not applicable in this case. The prosecutrix, it appears from the bill, did not testify at all; but her immediate outcry, made in the presence of appellant, and immediately after he made the assault, was introduced in evidence. This is res gestae, and was not introduced as a corroborative statement of the prosecutrix. Nor was it necessary that she should have been qualified as a witness before her expressions made at the time of the commission of the offense, or immediately thereafter, were introducable in evidence. Besides this, even if conceded that the testimony was improperly admitted, yet, in the absence of a statement of facts, it would be impossible to determine that the testimony was of a prejudicial character. The evidence of appellant's guilt, aside from this, may have been of an overwhelming character.

We do not deem it necessary to discuss other matters assigned in motion for rehearing. Notwithstanding the able argument of counsel for appellant, I see no reason to set aside the former decision, and I concur in overruling the motion for rehearing.

*Motion overruled.*

DAVIDSON, Presiding Judge, absent.