## Fred Brown v. The State.

### No. 2976.   Decided April 26, 1905.

### 1.—Rape on Female Under Age of Consent.

Where the evidence showed that the female alleged to have been raped was under the age of 15 years, and penetration, the offense was complete under the statute, which provides that rape may be committed on a female under 15 years of age, with or without consent and with or without force.

### 2.—Same—Assault and Attempt to Rape Eliminated.

Where the evidence for the State made out a case of rape by consent and the defendant denied the whole transaction, the issues of assault to rape and attempt to rape were eliminated, and there was no error on part of the court not to submit them.

### 3.—Same—Charge of Court—Extraneous Crime.

Where it did not appear of record that the evidence with reference to the commission of the offense of rape in another county than that of the prosecution

related to the offense for which defendant was being tried, or an offense of rape based upon another transaction, the failure of the court to limit the evidence to the question of extraneous crime could not be reviewed on appeal.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*James Furman Hair,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for rape on a girl under 15 years of age, the punishment assessed being confinement in the penitentiary for a term of ninety-nine years.

The State's evidence sufficiently shows penetration under the rule laid down in Kenney v. State, 9 Texas Ct. Rep., 888. The facts in this case are stronger, for the girl herself testified to a penetration. It is further shown that she consented to the transaction. Our statute provides that rape may be committed on a girl under 15 years of age, with or without consent and with or without force. Appellant denied absolutely and entirely the transaction. It was therefore an incisive contradiction on the testimony as to whether or not the rape occurred.

There are some questions suggested for revision, because the court did not submit the issue of attempt to rape, there being a count in the indictment charging that offense. If the testimony of the girl is to be relied upon, that issue was not in the case. Neither was assault to rape, which was also charged in a separate count. The girl's testimony made the case one of rape. It passed beyond the stage of attempt or assault. In fact and in law there can be no attempt to rape with consent. That offense can only be constituted by the use of force, as applied to this case. The consent of the girl would eliminate the question of assault, while under the case of Croomes v. State, 40 Texas Crim. Rep., 672, it would not eliminate the question of assault with intent to rape. But as stated, neither issue is in the case, because the girl's testimony showed the consummated offense; and appellant denied the whole transaction.

Exception was reserved to the charge of the court, because it failed to limit the testimony of appellant to the effect that he had once before been charged with the same offense in Coryell County. All we find in the testimony in reference to this, is the following language used by appellant on cross-examination: "Yes, I was indicted for the same offense once before in Coryell County, Texas." If appellant was indicted for this identical offense in Coryell County, and it could have occurred under our recent statute which authorizes a prosecution in any county in the particular judicial district, or in the county in an ad-

joining district whose county seat is nearest to the place of the alleged offense, then it would not have required a charge limiting the effect of this testimony to impeachment. This statement of appellant may have referred to an indictment for this particular act returned by the grand jury of Coryell County, which is an adjoining district to that of the county of the prosecution. And if the indictment for this particular offense was presented by a grand jury in that county, it would not be an extraneous crime, and therefore, not subject to the limitation in the charge of this testimony to impeachment. If in fact he had been indicted in Coryell County for another rape and not this particular transaction, the record should have made it appear, or at least it should have been made to appear with sufficient clearness, to enable this court to understand whether it was this transaction or some other transaction for which the indictment was returned into the District Court of Coryell County. The language of defendant is that it was "for the same offense," and not for an offense of rape based upon another transaction. As the matter is presented we do not feel justified in reversing upon this suggestion of error. The rulings of a trial court are presumed to be correct, and this presumption must be overcome by the record.

It is urged that the evidence is not sufficient, and that the punishment is excessive. As the record is presented to us, we are of opinion, under the authority of Kenney v. State, supra, appellant's contention is not well taken.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*