SIMON ALEXANDER v. THE STATE.

No. 331.   Decided April 6, 1910.

**1.—Assault with Intent to Rape—Indictment—Ravish—Want of Consent.**

Upon trial for assault with intent to rape, where the indictment charged that the defendant made an assault upon the alleged female with intent then and there to ravish and have carnal knowledge of her, she being under the age of fifteen years and not then and there being the wife of defendant, the same was sufficient; and it was not necessary that the indictment should allege that the assault was made with force and without the consent of the assaulted female. Following Croomes v. State, 40 Texas Crim. Rep., 672.

**2.—Same—Charge of Court—Definition of Offense—Force.**

Where, upon trial of assault with intent to rape upon a female under the age of consent, the court in his charge defined a battery, and applied the law to the facts, there was no error in the court's failure to define force; as the evidence showed that the alleged female was under the age of fifteen years.

**3.—Same—Charge of Court—Aggravated Assault.**

Where, upon trial for assault with intent to rape, the evidence was conflicting as to whether the transaction constituted an assault with intent to rape with the specific intent to commit said offense, the court should have charged the jury on aggravated assault.

Appeal from the District Court of Rusk.   Tried below before the Hon. W. C. Buford.

Appeal from an assault with intent to rape; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was convicted of an assault with intent to rape, and his punishment assessed at four years confinement in the penitentiary.

1. The indictment charged that appellant made an assault upon one Addie Blanton with intent then and there to ravish and have carnal knowledge of her, she being under the age of 15 years and not then and there being the wife of appellant. Appellant made a motion to quash the bill of indictment upon the ground that it fails to allege the want of consent on the part of the alleged female, and that he intended to commit rape by force. This court, in the cases of Hewitt v. State, 15 Texas Crim. App., 80; Davis v. State, 42 Texas, 226, and Gibson v. State, 17 Texas Crim. App., 574, held that the word "ravish" implies both force and want of consent of the woman, while the word "rape" does not. We, therefore, hold that the indictment is sufficient. Counsel's contention is that the indictment should allege that the assault was made with force and without the consent of the assaulted female, and in support of this contention they cite the cases of Hardin v. State, 46 S. W. Rep., 803; Welch v. State, 46 S. W. Rep., 812, and Jones v. State, 46 S. W. Rep., 813. In those cases the indictment did not use the word "ravish," but if the word "ravish" should be omitted from the bill of indictment, still the indictment would be good, as the same follows the rule laid down in Croomes v. State, 40 Texas Crim. Rep., 672. We are asked in this case to overrule the Croomes case, supra, and go back to the rule announced in the cases of Hardin v. State, and Welch v. State, supra. We believe the rule announced in the Croomes case is correct, and that where the assault is committed upon a child under the age of 15 years, to prove that the defendant laid violent hands upon the child and made all necessary preparations to have intercourse with her, this would make out a case, and it would be wholly immaterial whether she consented or not, as the law says she is incapable of consenting, and she could not consent to an assault being made upon her. To illustrate: A walks up behind B, a child, seizes her by the arms, has his pants unbuttoned with his male organ out, and attempts to throw the child down. The law says she can not consent to this, she could not consent to the assault being made upon her, therefore it would be an assault with intent to rape, because this act of itself is force. This is the same character of force that would be used in an assault and battery. We are of opinion that the indictment is sufficient.

2. Complaint is made that the court did not give the statutory definition of assault. The court charged the jury as follows: "The use of any unlawful violence upon the person of another with intent to injure him or her, whatever be the means or degree of the violence used, is assault and battery, and any attempt to commit a battery or any threatening gesture showing in itself or by words accompanying it an immediate intention coupled with an ability to commit battery is an assault." Then follows the statutory definition of rape upon a child under the age of 15. Then the court charged the jury as follows: "If you believe from the evidence before you, beyond a reasonable doubt, that about the time and place stated in the indictment,

the defendant, Simon Alexander, did make an assault on Addie Blanton, a female, and did take hold of said Addie Blanton with his hands with the intent then and there to have carnal knowledge of her and to rape her, and that said Addie Blanton at said time was under fifteen years old, and that said Addie Blanton at said time was not the wife of defendant, then you will find defendant guilty of an assault with intent to rape," etc.  Then the court charged the jury if the defendant, Simon Alexander, requested the prosecutrix to have sexual intercourse with him, but did not put his hands on her or touch her, they will find him not guilty.  Appellant requested no special charge. It is most earnestly insisted that the charge of the court was erroneous, because force, as defined by the statute, was not given in charge to the jury; that is, such force as might be sufficient to overcome resistance, taking into consideration the relative strength of the parties. We do not think that this was applicable.  We hold that if A lays violent hands upon B, who is a child under the age of consent, with intent to have carnal knowledge of her, he is guilty of an assault with intent to rape.  The law has declared that a girl under 15 years of age is incapacitated to give consent, and it is not an essential element of an assault that injury is inflicted without the consent of the injured party.

3.  Counsel also complain that the court erred in not instructing the jury upon aggravated assault.  The State's witness testified that she and appellant were picking cotton together in a field; that her little sister was with her, and that she, her sister, went off to a cane patch to get some sugar cane, and that while her sister was gone defendant came up behind her, caught hold of her arms, and she looked around and saw that he had his pants unbuttoned and his male organ out; that she holloed and said she was going to tell her papa, and the defendant turned her loose, and nothing further was done; that she commenced crying, and repeated that she intended to tell her papa, when the defendant said, "I have done nothing for you to tell on me," and offered to give her all of the cotton he had picked if she would not say anything about it.  Appellant testified that while they were picking cotton that he and prosecutrix got into a conversation about two other girls in the community, and about these girls "having to do with men," and defendant then asked her if she would not do like these other girls, and he said the prosecutrix "flew off the handle" and got mad at him, and that was all that he did.  Appellant stayed around in the country five or six months after this occurred, when he, in company with his father-in-law, moved off to Oklahoma.  This conduct on the part of appellant was not reported by the girl until some three or four months after the occurrence.  If the appellant took hold of the girl or put his hands upon her in a violent manner, yet if he did not have the specific intent at the time that he took hold of her to have intercourse with her either with or without her consent,

then he would only be guilty of indecent familiarity, which, under the law, would be aggravated assault.

Believing that the court was in error in not submitting the issue of aggravated assault to the jury, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*