## A. M. AVEN v. THE STATE.

### No. 3544.  Decided May 12, 1915.

#### Rehearing denied June 2, 1915.

**1.—Arson—Accomplice—Sufficiency of the Evidence.**

Where, upon trial of an accomplice for arson, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Principal.**

Upon trial of an accomplice to arson, there was no error to introduce evidence to show the guilt of the principal. Following Simms v. State, 10 Texas Crim. App., 131, and other cases.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of accomplice for arson, the record showed on appeal that the State introduced the whole of said principal's testimony on his trial in the trial of the instant case, and defendant objected generally without objecting to that part of the testimony which may have been inadmissible, there was no reversible error. Following Ortiz v. State, 68 Texas Crim. Rep., 524, and other cases.

**4.—Same—Evidence—Co-conspirator.**

Upon trial of accomplice for arson, where the court admitted testimony showing the guilt of the principal, properly limiting said testimony to said purpose, there was no reversible error.

Appeal from the District Court of Goliad.  Tried below before the Hon. John M. Green.

Appeal from a conviction of an accomplice to arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dupree & Pool,* for appellant.—On question of testimony of co-conspirator: Schwen v. State, 35 S. W. Rep., 172; Watson v. State, 48 Texas Crim. Rep., 323; Dowell v. State, 58 Texas Crim. Rep., 482, 126 S. W. Rep., 874; Serrato v. State, 74 Texas Crim. Rep., 413, 171 S. W. Rep., 1133.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of bill of exceptions in not pointing out error: Harrison v. State, 69 Texas Crim. Rep., 291, and cases cited in opinion.

On question of guilt of principal: Armstrong v. State, 33 Texas Crim. Rep., 417, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of accomplice to arson and assessed the lowest punishment. The evidence is amply sufficient to sustain the verdict.

The indictment is in the usual form and avers that Mal Reeves was the principal and set fire to and burned a certain house and that the appellant was an accomplice.

In the trial of an accomplice the statute requires that the evidence must be such as would have convicted the principal. In other words,

the evidence must show the guilt of the principal. (P. C., art. 89.) All the authorities hold that any competent evidence to show the guilt of the principal is admissible, the same as if the principal was on trial. There are many decisions down to this date to that effect and the decisions are uniform. We cite a few of them. Simms v. State, 10 Texas Crim. App., 131; Crook v. State, 27 Texas Crim. App., 198; Arnold v. State, 9 Texas Crim. App., 435; Poston v. State, 12 Texas Crim. App., 408.

The record shows that said principal had been convicted some time before the trial of appellant and that in his case he testified, admitting that he had set fire to the house and showing his guilt as principal. The State, over appellant's objections, introduced the whole of said principal's testimony on his trial in the trial of this case. Appellant objected to the whole of that evidence. Unquestionably part of it was admissible. It may be that part of it which would tend to show that appellant himself was an accomplice was inadmissible, if the proper objections had been made thereto, but no such objections were made. The rule on that subject is well established in this State to the effect that where objections are interposed to the whole of certain testimony, a part of which is admissible and a part of which is not admissible, the action of the court in overruling such objections does not present error. (Ortiz v. State, 68 Texas Crim. Rep., 524; Pinkerton v. State, 71 Texas Crim. Rep., 195, and authorities therein cited.) Appellant's contention in the lower court and in this is that said testimony was inadmissible on the theory that the confession of a co-conspirator made after the conspiracy had ended and not in furtherance of the common design was not admissible. He announces a correct principle of law and cites authorities to support it, but it is wholly inapplicable in this case. The court properly limited, both orally at the time the evidence was introduced, and in his written charge to the jury, that said testimony of Reeves was admissible solely for the purpose of tending to prove, if it did, the guilt of the principal and the jury could consider it for that purpose alone.

The only other assignment appellant makes is to the overruling of his motion for new trial. Nothing is presented thereby showing any error in the court overruling it. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied June 2, 1915.—Reporter.]