RUDOLPH MAYNARD V. STATE.

No. 24700. March 29, 1950.
Motion for Rehearing Denied (Without Written
Opinion) May 17, 1950.

*C. V. Flanary, Jr.* and *McKinney & McKinney,* Cooper, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to rape, and his punishment was assessed by the jury at two years' confinement in the penitentiary.

The indictment alleged and the proof showed that the prosecutrix was thirteen years of age, and was not the wife of appellant. The indictment contained no allegation regarding consent or want of consent of the girl.

The evidence discloses that a short time prior to their meeting appellant and one Davis on the road, the prosecutrix had engaged in an act of sexual intercourse with a boy about 17 years of age named Mills. At the time of the trial an indictment against Mills for the offense of rape, based on such act, was pending.

Appellant, a man of family about 38 years of age, according to the state's testimony, after being informed as to the relations of the Mills boy with the girl, asked the boy if he thought that he could also have sexual relations with her.

After riding for a time in appellant's truck, the other parties left the girl in the truck for·a short time. Appellant then returned and, according to the girl's testimony, threw her down on the seat of the truck, got on top of her, put his hand on her sexual parts, unbuttoned his trousers, exposed his sexual organ and rubbed it against her leg. But prosecutrix resisting throughout, appellant finally desisted when the voices of the other parties were heard as they returned to the truck.

It is appellant's contention that the evidence is insufficient to sustain the conviction; that in order to convict it was necessary for the state to prove beyond a reasonable doubt that appellant had the intent to use such force as might be necessary to accomplish his purpose notwithstanding any resistance the girl might make; that appellant desisted when he failed to obtain consent, and therefore could not be guilty of assault with intent to rape.

The female being shown to be under 15 years of age, the offense is complete when the evidence shows an assault accompanied with sufficient force to show beyond a reasonable doubt

the specific intent of the accused then and there to have sexual intercourse with the girl so assaulted.

Art. 1183, P. C., in defining the offense of rape of a girl under 18 years of age uses the words "with or without her consent," and appellant would construe such language to mean an intent to have such relations regardless of whether she consented or not.

In such statute, the term "with or without her consent" was unquestionably used to properly distinguish such offense from that of rape as first defined therein, an essential element of which is a want of consent of the female.

"With or without her consent," as so used, means simply that the consent of the girl is wholly immaterial, she being under the age fixed by the statute and incapable of giving consent.

The state's case of assault with intent to commit rape was complete upon proof beyond a reasonable doubt that appellant used upon the person of the 13 year old girl physical force of a nature sufficient to show beyond a reasonable doubt his present purpose to then have sexual relations with the child. See Bartlett v. State, 117 Tex. Cr. R. 468, 38 S. W. 2d 103; Cromeans v. State, 59 Tex. Cr. R. 611, 129 S. W. 1129; Croomes v. State, 40 Tex. Cr. R. 672, 51 S. W. 924; and Alexander v. State, 58 Tex. Cr. R. 623, 127 S. W. 189.

Consent being immaterial, the court properly ignored the question in that part of his charge to the jury submitting the law as applied to the facts of the case.

The mother of the prosecutrix testified that the child was 13 years of age; that she was born September 9, 1936; that she went to school four years and went to the second grade; that she was withdrawn because she could not learn and that she could not read.

Appellant, by his Bill of Exception No. 10, complains that such testimony was wholly immaterial and highly prejudicial "in that there was no charge in the indictment against the defendant whereby such testimony could be properly admitted."

There can be no question as to the admissibility of a part of such testimony. The girl's age was alleged as being under 18 years, and the state was bound to make proof of such allegation.

A part of the testimony being admissible, Bill of Exceptions No. 10, complaining of such evidence as a whole, presents no error. See Branch's P. C., Sec. 211; Aven v. State, 77 Tex. Cr. R. 37, 177 S. W. 82; and Phillpis v. State, 152 Tex. Cr. R. 612, 216 S. W. 2d 213, 216.

Appellant's bill complaining of the overruling of his motion for severance is without merit. The offense charged against the Mills boy, though involving the same girl, did not grow out of the same transaction as the offense for which appellant was indicted. The severance statute, Art. 651, C.C.P., therefore does not apply.

The Mills boy was not for the same reason disqualified under Art. 711, C.C.P., but was available to appellant as a witness on his trial. He did in fact testify in the case, though as a witness for the state, his testimony being in direct conflict with that of appellant's who denied any character of assault upon or misconduct toward the girl.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.