## S. F. TURNER v. STATE.

No. 25646. January 16, 1952.
Rehearing Denied March 5, 1952.

Hon. Harry H. Schultz, Judge Presiding.

C. D. Bourne, Jr., Dumas, for appellant.

F. H. Richards, District Attorney, Dalhart, and George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to rape a female under 18 years of age; the punishment, 15 years.

The sole question for our review herein is the sufficiency of the evidence to support the conviction.

Appellant was the father of the prosecuting witness, who was 14 years old on the date of the commission of the alleged offense.

On the question of intent, the state was permitted, and properly so, to prove appellant's abnormal conduct toward his daughter covering a period of time prior to the assault in question. As a part of such conduct, prosecutrix related that approximately a year before the assault appellant had forced her to go for a ride in the family automobile; that she rode in the front seat, and her mother and four-year-old brother rode in the back seat; that during the course of the ride appellant had tried to put his hands on her private parts, but she had resisted, and appellant had said, "You just wait until it gets dark, young lady." Prosecutrix testified that later in the afternoon, during the course of the ride, appellant brought the automobile to a stop, told her mother, whom he had previously threatened with a pistol which he habitually wore, to stay in the car, made her walk down the road away from the automobile to a point where he forced her to the ground, raised her dress, tore off her panties, opened his pants and tried to place his private part in hers; then, apparently failing in this, appellant, through threats, made her play with his private part while he fondled her bosom until he reached a climax. Prosecutrix testified that at that time she had thought appellant had an act of intercourse with her, but later learned that he had not effected penetration so as to rupture her hymen.

Prosecutrix testified that some time after this, but before the assault in question, appellant had forced her to go to the bath house some distance from their home and there caused her to masturbate him and also forced her to commit a vile act of sodomy by the use of her mouth.

Prosecutrix testified that, through violence and the display of a pistol over a period of years, appellant had placed her mother, as well as herself, in fear of him; that every time appellant got to drinking he would make some indecent advance toward her, talk to her about sex, and that her mother was afraid to do anything to stop him.

With this background in mind, we come to a determination of whether the jury was warranted in finding that the acts of appellant on the day charged in the indictment constituted an assault with intent to rape.

Prosecutrix testified that she, her mother, her little brother and appellant were at home; that appellant took her into the bedroom, put her on the bed and began to talk to her; that he told her that if he wanted to have intercourse with her it was all right, but that she must not do so with anyone else; that such conduct would be wrong. Prosecutrix testified that appellant tried to bribe her into submitting to him by telling her what all he would buy her; that he then began to fondle her breasts, put his leg over on top of her and tried with his leg to force her legs apart; that at this juncture her mother came in the room and reported that a girl friend of hers was calling her; that appellant turned her loose momentarily, ordered her mother out of the room; and this interruption gave her an opportunity to extricate herself and flee to the neighbors.

Several of her neighbors corroborated prosecutrix's account of an immediate outcry and testified that she appeared white and nervous at the time.

Appellant testified, denying any impropriety, but failed to give any satisfactory reason why prosecutrix should have fabricated such a story against him.

In Maynard v. State, 154 Tex. Cr. R. 594, 228 S. W. (2d) 185, we said that "with or without her consent," as used in Article 1183, P. C., defining statutory rape, "means simply that the consent of the girl is wholly immaterial, she being under the age fixed by the statute and incapable of giving consent." Also we said, "The State's case of assault with intent to commit rape was complete upon proof beyond a reasonable doubt that appellant used upon the person of the 13-year-old girl physical force of a nature sufficient to show beyond reasonable doubt his present purpose to then have sexual relations with the child. See Bartlett v. State, 117 Tex. Cr. R. 468, 38 S. W. (2d) 103; Cromeans v. State, 59 Tex. Cr. R. 611, 129 S. W. 1129; Croomes v. State, 40 Tex. Cr. R. 672, 51 S. W. 924; 53 S. W. 882; and Alexander v. State, 58 Tex. Cr. R. 621, 623; 127 S. W. 189."

Where the accused occupies a position in loco parentis to the prosecutrix and seeks to employ the discipline incident to that relationship in order to effect his unlawful purpose, the proof of force need not be so strong as in a case where the wrongdoer is a stranger to the prosecutrix.

Being convinced that the jury was warranted in finding that

appellant had the intent on the day in question to have sexual relations with the prosecutrix and that he would have done so had he not been interrupted, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The facts have been again examined in the light of appellant's contention that they are insufficient to support the conviction.

We remain convinced of the correctness of our original conclusion.

The motion for rehearing is overruled.

Opinion approved by the court.