**Jack Clayton THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43741.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Cutrer & Jefferson by Walter Jefferson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jimmy James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to rape. The trial was before the court on a plea of not guilty. The punishment was assessed at five years, probated.

All of the grounds of error challenge the sufficiency of the evidence.

The indictment charged the appellant with assault with intent to rape Paula Cherry, a female under the age of eighteen years. The proof shows that Paula Cherry was the fourteen-year-old stepdaughter of the appellant. At the time

of the alleged offense, Paula's mother was in Mexico.

Paula testified that at approximately 11:30 p. m. on the date in question appellant came into her bedroom dressed in his underwear. He got on the bed and on top of her, placed his hand on her private parts and then touched the upper part of her leg with his sexual organ. She testified that he attempted to have intercourse with her and that she struggled and finally succeeded in stopping him when she told him that she was going to tell her mother. She testified that after the stepfather left the room, she called her boyfriend and told him what happened and that she later told her mother on her return home. She testified that she was scared and ashamed and did not tell the maid who lived in the home.

■ The contention that the testimony of the prosecutrix has to be corroborated is without merit. See Johnson v. State, Tex.Cr.App., 449 S.W.2d 65. A female upon whom an assault with intent to rape is alleged to have been committed is not an accomplice. See 4 Branch's Ann.P.C.2d, Section 1870, page 204, and the authorities there cited.

■ Appellant urges that the proof must show an intent to gratify his sexual desire at all hazards with an intent to overcome any resistance on the part of a prosecutrix.

This contention was answered adversely to the accused in Maynard v. State, 154 Tex.Cr.R. 594, 228 S.W.2d 185. There the facts were similar to those in the case at bar and this Court held that the assault with intent to commit rape was complete upon proof that the accused used upon the person of a thirteen-year-old girl sufficient physical force to show his present purpose to then have sexual relations with the child. The Court held that the question of consent was immaterial. See also 4 Branch's Ann. P.C.2d, Section 1871, page 205.

■ Contrary to appellant's contention, the fact that the testimony of the prosecu-trix shows the assault occurred over a period of forty-five minutes does not show as a matter of law that he did not intend to have intercourse with her.

The wife of the appellant testified that her daughter, the prosecutrix, told her that she had been raped. There were numerous attempts to show that the prosecutrix had strong motives to testify against her stepfather. It was shown that a telephone had been taken out of her room, and that she was forbidden to have dates with her boyfriend plus the fact that custody hearings had been held to determine if she and her brothers were to live with her mother or father.

■ The appellant chose to try the case before an experienced and able judge. As a trier of the facts, the judge heard the testimony and observed the demeanor of the witnesses. There was sufficient evidence for the judge to conclude that an assault was made on the prosecutrix with intent to commit rape.

The judgment is affirmed.