## E. E. STRAPP v. THE STATE.

No. 1529. Decided February 14, 1912.

Rehearing denied March 13, 1912.

**1.—Seduction—Evidence—Corroboration—Birth of Child.**

Upon trial of seduction, there was no error in permitting the prosecutrix to testify that she had a child by defendant, giving the date of its birth, which was within the time of gestation from the date of the alleged intercourse with defendant; this was a corroborating circumstance of her testimony in chief.

**2.—Same—Conduct of Judge.**

Where it was not claimed that the conduct of the trial judge, by questions developing the testimony, could have influenced the jury, there was no error.

**3.—Same—Evidence—Cross-Examination—Rebuttal.**

Where, upon trial of seduction, the defendant on cross-examination, testified that he remained in Oklahoma a while before the alleged offense was committed, during which time he did not write the prosecutrix, and when, as prosecutrix claimed, they were engaged to be married, there was no error to permit the State to show that defendant had stated to prosecutrix the reason he could not write to her during his absence was because he had been seen with a pistol and that he had to leave on this account, the court properly limiting said testimony.

**4.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of seduction, the State asked the prosecutrix to state what preparations she had made to get married with defendant, etc., which she answered that she prepared her clothes, etc., but the bill of exceptions was defective, the same could not be considered on appeal.

**5.—Same—Charge of Court—Charge as a Whole.**

Where, upon trial of seduction, the charge of the court, when read as a whole, together with requested instructions, sufficiently applied the law to the facts, there was no error in refusing other special charges upon the same matter.

**6.—Same—Newly Discovered Evidence—Attorney and Client—Want of Diligence.**

Where there was a want of diligence in not discovering the alleged newly discovered evidence, and that the supporting affidavits were made before defendant's attorney, and the alleged evidence did not materially affect the question as to the period of gestation, there was no error in overruling the motion.

**7.—Same—Newly Discovered Evidence—Impeaching Testimony.**

New trials are granted only on account of impeaching testimony in those instances where the testimony would not only tend to impeach, but also support the testimony of the defendant.

**8.—Same—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of seduction, the testimony of prosecutrix was sufficiently corroborated, the conviction was sustained.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of seduction; penalty two years imprisonment in the penitentiary.

The prosecutrix testified, among other things, that she commenced going with defendant in February, 1909, and that they agreed to marry in May of that year; that afterwards in July of that year, defendant was absent for awhile, but that she met him again about the 1st of January, 1910, when he came to see her again and that they were still engaged to be married at that time; that in coming home from a party the 1st day of February, 1910, at night, they set the day of marriage on the fourth Sunday in March of that year, and that in going home that night, he over persuaded her and they had carnal intercourse on the way home; that she submitted to said carnal intercourse because defendant had promised to marry her on said fourth Sunday in March, and that this was the only reason. This with the statement in the opinion is sufficient.

*J. R. Stubblefield,* for appellant.—On the question of insufficient evidence and want of corroboration: Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W. Rep., 709; Barclay v. State, 62 Texas Crim. Rep., 323, 137 S. W. Rep., 118; Gorzell v. State, 43 Texas Crim. Rep., 82; State v. Reeves, 97 Mo., 668.

On question of admitting testimony as to birth of child: Woolley v. State, 50 Texas Crim. Rep., 214; Spenrath v. State, 48 S. W. Rep., 192.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with seduction,

was convicted and his punishment assessed at two years confinement in the penitentiary.

1. The prosecuting witness testified: "I am a mother. I have one child. It was born the 30th of September. I never did have carnal intercourse with Owen Ayers in Haskell County. I never did have carnal intercourse with any person, only the one time that I had with defendant." To this testimony the defendant objected on the ground that "it did not tend to corroborate the statement of the witness that she had carnal intercourse with appellant, and the proceedings were prejudicial." As said by Judge Davidson, in the case of Woolley v. State, 50 Texas Crim. Rep., 214, that while "the fact that she had a child is not of itself a corroboration of the fact that appellant was the father of the child, it is a pungent fact, however, that she had intercourse with some man; in fact, it would be absolutely conclusive of that fact." And as the act of intercourse is such an act that it is not in the presence of others that it is committed, the prosecuting witness must be corroborated by circumstances, if at all, and this fact is a circumstance in the case, which it has been held is admissible. (Snodgrass v. State, 36 Texas Crim. Rep., 211.)

2. That the court by questions developed the testimony, would not present any reversible error, as it is not claimed that by his conduct he in any way influenced the jury. Harrell v. State, 39 Texas Crim. Rep., 204.

3. The appellant, on cross-examination of the prosecuting witness, developed the fact that in the summer before the offense is alleged to have been committed, defendant went to Oklahoma and remained there for some time, during which time defendant did not write to her, although she had stated they were engaged to be married at that time. On redirect examination she testified: "That before leaving, defendant stated to her he could not write to her during his absence; that the reason he could not write to her was because he had been seen with a pistol; that he had to leave the country, and that if he wrote to her they would find out where he was, and for this reason he could not write." To this testimony defendant objected, because it was evidence of another and different offense. The court, in approving the bill, states:

"The foregoing bill is approved with the following qualification and explanation, viz.: The prosecutrix had testified on direct examination that she commenced going with defendant in February, 1909; that they became engaged to marry on the first Sunday in May, 1909; that defendant left Eastland County in July, 1909; and that she did not see him again, until about the first of January, 1910. Then on cross-examination, the defense proved by her that when the defendant left in July, 1909, he told her that he was going to Oklahoma; that she did not know how long he remained there; that when he left he told her he could not write to her, and that she did not get any letters from him while he was in Oklahoma; that while he was gone, she visited her

brother in Haskell County from September, 1909, until the last of December, 1909, and on returning home, she found defendant there; and that while in Haskell County she had gone with other young men, and had correspondence with one of them. The court then permitted the State on redirect to prove by prosecutrix the reason the defendant had given her why he could not write to her, but the court instructed the jury that they could not consider the alleged circumstance of defendant having carried a pistol for any purpose against him, as he was not on trial for that charge. Then on recross the defendant proved by her that on his return the defendant told her that concerning his carrying a pistol, he would get out of it and not have to pay anything for it."

It will be thus seen that it accounts for the failure of defendant to write, and also that the testimony as a whole showed he was guilty of no other offense, at least had got out of it. As thus presented, if error, it would be harmless error.

4. The State asked the prosecuting witness, after she had testified that defendant and she were engaged to be married, and that he had asked her mother's consent to their marriage, and the date for the marriage had been fixed as the fourth Sunday in March, and that she had made preparation to get married on that date: "State what those preparations were?" To which defendant's counsel objected on the ground that same was immaterial, which was by the court overruled, and the witness answered, "I prepared my clothes to get ready and there was preaching that day, and me and my brother Riley stayed at home, but he didn't come." It will be noticed that the only objection was, that the evidence was immaterial, and this has been held insufficient as a ground of objection. (McGrath v. State, 35 Texas Crim. Rep., 413; Carter v. State, 37 Texas Crim. Rep., 403.)

5. These are all the bills of exception in the record, and the complaints of the charge of the court contained in the motion for new trial present no error, when read as a whole, and especially is this true when special charges Nos. 1, 2, 3 and 4 were given at the request of appellant, and they sufficiently present all the matters suggested in appellant's other special charges.

6. The ground in the motion for new trial alleging newly discovered evidence presents no error. The prosecuting witness states that the act of intercourse took place on February 1st on the way home from a party, and that the child was born on September 30, just eight months from the date of the alleged act of intercourse. Defendant attaches the affidavit of Mrs. E. L. Wagner, who testifies that she was present when the prosecuting witness was confined, and that the child was a fully developed child. The record discloses that in December appellant moved to his father's home; that this is the neighborhood where Mrs. Wagner resides, and with any sort of diligence he could have discovered the fact that she waited on the prosecuting witness when confined, and what her evidence would be. In Carrico v. State,

36 Texas Crim. Rep., 618, it is held that a new trial will not be granted for newly discovered evidence which could have been discovered by the use of ordinary diligence. See also McVey v. State, 23 Texas Crim. App., 659; Robinson v. State, 15 Texas Crim. Rep., 317; Dansby v. State, 34 Texas, 393; Walker v. State, 3 Texas Crim. App., 70; Butts v. State, 35 Texas Crim. Rep., 364. In addition to this, the affidavit attached to the motion is sworn to before the attorney of record in the case. This court has held that such affidavits can not and will not be considered on appeal. This question is fully discussed in an opinion by Judge Davidson in Maples v. State, 60 Texas Crim. Rep., 169, and the authorities are there cited. This would not present grounds for a new trial, because the evidence of the physician, Dr. Payne, introduced by appellant, is that while the usual period of gestation for a woman is two hundred and eighty days, with a variation of ten days, yet a woman does frequently deliver her first child in eight months.

As to the affidavit of the witness Ayers. On this trial the prosecuting witness admitted that she went with this witness and corresponded with him, and about the only additional fact he states to what she testified is that she told him she did not love any man well enough to marry him. A young girl going with a young man would hardly admit that she was engaged to another man, and as this statement is alleged to have been made a month prior to the time that witness testifies appellant asked her mother to consent to their marriage, and the date of marriage was fixed, the mother also testifying that appellant solicited her consent to the marriage in January, subsequent to the time this witness states in his affidavit, the facts are not such as to authorize a new trial. New trials are granted on account of impeaching testimony only in those instances where the testimony would not only tend to impeach but also support the testimony of defendant. In this case the facts alleged would not tend to support the defense of defendant, but could only be used for impeachment. The other affidavits can not be considered for reasons stated in Maples v. State, supra, but we might state that they are not sufficient to authorize a reversal if considered.

7. The only other ground in the motion is the alleged insufficiency of the evidence. The prosecuting witness is corroborated by the testimony of her mother in the fact that she is under twenty-five years of age, and that she and appellant were engaged to be married, and appellant had secured the consent of the parents to their marriage; by her sister in the fact that appellant accompanied her to the party on the night in question; by the fact that appellant was paying her attention during the period stated, and a most significant circumstance is that appellant's mother and father went to the home of prosecuting witness, if appellant's mother is to be believed, and tried to carry the prosecuting witness to a point to converse with appellant, after she learned that appellant was charged with this offense. This was a ques-

tion for the jury; it was fairly submitted by the court, and there being no error in the trial of the case, we will not disturb the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 13, 1912.—Reporter.]