ED WILSON v. THE STATE.

No. 7150.   Decided May 16, 1923.

**1.—Assault to Rape—Definition of Offense.**

One who takes hold of the person of a female under the age of eighteen years in this State, with the present purpose of then having carnal knowledge of her either with or without her consent is guilty of an assault with intent to rape.  Following Cromeans v. State, 59 Texas Crim. Rep., 611, and other cases.

**2.—Same—Unchasity of Prosecutrix—Requested Charge.**

Where, upon trial of assault with intent to rape, the only defensive theory was that prosecutrix was not a chaste female at the time of the alleged assault, and there was evidence that the female who was over fifteen years of age, but under eighteen years of age, at the time of the alleged assault, was not of previous chaste character but had had carnal knowledge with men, the refusal of a requested instruction upon this phase of the case is reversible error.  Following Norman v. State, 230 S. W. Rep., 991, and other cases.

Appeal from the District Court of Knox.   Tried below before the Honorable J. H. Milam.

Appeal from a conviction of assault with intent to rape, upon a female under the age of eighteen years; penalty, two years imprisonment in the penitentiary.

Opinion states the case.

*Dickson & Newton,* and *D. J. Brookreson,* for appellant.—On question of refusing requested charge, cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Knox County of an assault with intent to rape, and his punishment fixed at two years in the penitentiary.

Appellant was charged with an assault upon his niece, an orphan girl who for many years prior to the occurrence which led to this prosecution, had been an inmate of his home in Knox County.   She was sixteen years old at said time, and testified that in December, 1919, in appellant's barn, he made an assault upon her, grabbed her around the shoulders and tried to throw her down, telling her that he intended to have sexual intercourse with her.   She said she begged him to desist and that he finally did so, but cursed her and whipped her with a rope and told her that she was running around with the boys but that he had her there for his own use.   She further testified as follows: "I lived with Ed Wilson up until 1919.   I left his home in April 1920 and went to Lorain to my aunt, Mrs. Lee Graham."

We have no doubt of the fact that one who takes hold of the person of a female under the age of eighteen years in this State, with the present purpose of then having carnal knowledge of her either with or without her consent, is guilty of an assault with intent to rape. Croomes v. State, 40 Texas Crim. Rep. 672; Alexander v. State, 58 Texas Crim. Rep. 622; Cromeans v. State, 59 Texas Crim. Rep. 611; Hightower v. State, 65 Texas Crim. Rep. 334; Collins v. State, 66 Texas Crim. Rep. 642; Love v. State, 68 Texas Crim. Rep. 228; Duckett v. State, 68 Texas Crim. Rep. 331.

The only defensive theory was that prosecutrix was not a chaste female at the time of the alleged assault. Our Legislature in 1918, (see Chap. 50, Acts Fourth Called Session, 36th Leg.), wrote into the rape statute that if the female be fifteen years of age or over, the accused may show, in consent cases as a defense, that such female was not of previous chaste character. This has been construed to mean that she had not theretofore had carnal knowledge of some man. Norman v. State, 89 Texas Crim. Rep. 330, 230 S. W. Rep. 991; Cloninger v. State, 91 Texas Crim. Rep., 143, 237. S. W. Rep. 288. If showing that the female who was over fifteen and under eighteen years of age and consenting, upon whom statutory rape had been committed, had prior thereto carnally known some man,—would be a sufficient defense to the completed act of rape, it would be folly to contend and needless to argue that such proof would not operate as a defense to an assault to commit such statutory rape in a consent case. It would be such defense. The refusal to submit such defensive issue in response to a special charge asking it, was based by the learned trial judge in the instant case upon the proposition that the proof did not raise such issue. Let us see. This offense was alleged to have been committed in December 1919. The trial of appellant was had in February 1923, at which time it is without dispute that prosecutrix was the mother of a child. For the defense Madry testified that "some time during last year" on Sunday night he walked home with prosecutrix and "toted" her baby for her; that at that time she was going by the name of Mrs. Moore. He said she told him she was not married but that the baby she had was Mr. Moore's baby. This witness further testified he asked her why she was not still at appellant's home and that she replied that after she "got that way" she went away. Witness asked her if Ed mistreated her in any way and she said no. In rebuttal the State placed prosecutrix back on the stand but she made no sort of explanation or denial of the fact that while in appellant's home she became pregnant. She testified while on the witness stand in rebuttal that after leaving appellant's home she went to Seymour and stayed at the Washington hotel in 1921 but she could not tell what month it was. She testified that while there appellant came to see her and asked her questions about her child. We think it a fair

inference from her testimony that at this time her child was born. The age or size of the child is no where shown in the record. If the prosecutrix had a child in 1921 of size and age unknown ordinarily human experience would lead one to conclude that some time prior thereto said child was begotten and born. Referring to the statement of prosecutrix as given in evidence by Madry, "she got that way" while in appellant's home. These are matters that would appear to be of such vital character as affecting the guilt or otherwise of this appellant under this statute that we can not bring ourselves to conclude the learned trial court to have been justified in declining to submit to the jury for their decision the question as to whether the assault upon prosecutrix was made before or after that carnal knowledge from which sprang this child. Prosecutrix testified as part of her rebuttal evidence that she was going under the name of Mrs. Moore at the direction and suggestion of appellant. It is nowhere hinted that she had ever been married. She testified that she was eighteen years old at the time of the trial.

Believing that the learned trial judge fell into error in declining to submit the question of the previous chaste character of prosecutrix at the time of the alleged assault, and that there was evidence in the record tending to raise said issue, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*