## VANDY STEPTOE v. THE STATE.

No. 19456. Delivered April 13, 1938.

The opinion states the case.

*J. R. Bogard,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to rape is the offense; penalty assessed at confinement in the penitentiary for two years.

The State's testimony is to the effect that Lucille Hopkins, a girl fifteen years of age, went in an automobile with appellant and three other companions for the purpose of going to church at Broaddus. There being no meeting at the Broaddus church, the parties proceeded in their car to the Apostolic Church at Attoyac, a distance of eighteen or twenty miles. After the meeting the parties got in their car and rode for several miles. Appellant, who was driving the car, stopped it at a certain place and several of the occupants got out. He then drove the car about 100 yards and stopped. He asked the prosecutrix to get out of the car which she refused to do. She caught hold of the steering wheel and held on while the appellant was trying to pull her hands loose therefrom. Appellant told the prosecutrix that if she did not turn loose, he would pull her out; that he was going to get in her pants anyhow. From her testimony

we quote: "After I had my hands on the steering wheel and Vandy was trying to pull me out and told me he would get in my pants anyhow, there was a car coming up the road. I don't guess he wanted to be seen out there. * * * The other car was going back toward Attoyac, and passed on by us. Vandy went around the car and got back inside the car. I told Vandy to go and he went back to where Sybil and Covy and Odell Steptoe got out." The prosecutrix testified that she reported the matter to her parents and later went to the court house in San Augustine County, where she gave an account of the incident.

The appellant did not testify as a witness upon the trial, but introduced in his behalf the witness Willie Craig, who testified that he saw appellant and the prosecutrix together at a dance on Saturday night following the assault on Sunday night; that appellant and prosecutrix left the dance together that night at 11:30 o'clock in the appellant's car. The witness admitted on cross-examination that he was under indictment for assaulting an old man by the name of Gore. He denied jumping on Hollis Snell for taking the Hopkins girl (the prosecutrix) out to the dance on the Saturday night in question.

The State introduced the witness Hollis Snell, who testified that he saw the prosecutrix at Buger Reese's dance on the Friday night after the alleged assault; that as he started home with her, he was accosted by the appellant, his brother and Willie Craig. The witness stated that he was struck by Willie Craig and prevented from escorting the prosecutrix home from the dance mentioned.

The test of an assault with intent to rape is stated in the following language: "An assault with intent to rape is constituted by the existence of the facts which bring the offense within the definition of an assault, coupled with an intention to commit the crime of rape." (Branch's Ann. Tex. P. C., p. 964, Sec. 1693; Tex. Jur., Vol. 35, p. 798, Sec. 12.)

In cases where the prosecutrix is under the age of consent, the rule seems to be stated as follows: "One who handles or takes hold of the person of a female under the age of consent with the present intent of having carnal knowledge of her then and there, either with or without her actual consent, is guilty of an assault with intent to rape."

In the present instance, the prosecutrix was fifteen years of age at the time of the alleged assault. The appellant caught hold of the prosecutrix and tried to pull her out of his car after she had refused to get out. He told her he was going to "get in her pants anyhow" and continued his efforts to evict her until an automobile approached and by reason of which he aban-

doned his purpose. The appellant did not testify upon the trial nor did he give any explanation of his conduct at the time of the alleged offense.

The exceptions to the charge of the court have been examined and are not thought to have been well taken. The charge appears to have adequately presented the issue arising under the evidence. The testimony of the appellant's witness presented no affirmative defense.

In the light of the authorities cited, we think the evidence is sufficient to support the conviction. The judgment is therefore affirmed.