Joseph Charles **MELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42206.

Court of Criminal Appeals of Texas.

July 9, 1969.

**688**

Maurice U. Westerfeld, Houston (on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is assault with intent to commit rape; the punishment, assessed by the court after a verdict of guilty, ten years' confinement in the Texas Department of Corrections.

The indictment charged the offense of statutory rape. The case was submitted to the jury upon the lesser included offense of assault with intent to rape.

In grounds of error #1, #3 and #4 the appellant challenges the sufficiency of the evidence to sustain the conviction.

Gloria Terrazas, 13, the prosecuting witness who was 12 years old at the time of the alleged offense, testified that she met the appellant shortly after school started in September, 1967; that she went to his garage apartment with Janie Mena, age 12, at approximately 4 o'clock one afternoon; that she and the appellant went into the bedroom where they took off their clothes and that for ten minutes or so while they were on the bed appellant tried to get his private part into hers; that she once told him he was hurting her stomach; that she and Janie stayed in appellant's house for approximately 50 minutes and when they left the appellant gave them $11.00; that she was not the wife of the appellant.

Janie Mena corroborated the prosecutrix's testimony and admitted she had, at appellant's instructions, also taken off her clothes after which time appellant kissed her private part. She related that she was present in the bedroom when appellant had or attempted to have sexual intercourse with the prosecutrix and she observed them kissing each other's sexual parts; that they left only after they had received the money from the appellant.

Dr. Jose Rafael Toledo testified that on or about September 11, 1967, he had examined the prosecutrix, Gloria Terrazas and found she had an infected uterus and that she was not a virgin. He testified, without objection, that she told him she had had sexual experiences with her father and two other men for money; that he placed her in the hospital and notified the police department.

Testifying in his own behalf the 51 year old [1] appellant denied the charge against him and denied knowing the prosecutrix. He admitted that he was acquainted with Janie Mena and had on occasion chased her out of his garage apartment

---

1. The approved record reflects that appellant testified he was 51 years old. The application for probation shows his age to be 59 years and in oral argument before this court appellant's counsel insists appellant's correct age is 61 years.

which he claims she entered without permission.

"An assault with intent to rape is constituted by the existence of the facts that bring the offense within the definition of an assault, coupled with an intention to commit the crime of rape." 48 Tex.Jur.2d, Rape, Sec. 11, p. 643.

"One who handles or takes hold of the person of a female under the age of consent with the present intent of having carnal knowledge of her then and there, regardless of her actual consent, is guilty of an assault with intent to rape. Force as defined by the statute is not an element of assault with intent to commit rape where the one assailed is under the age of consent. A female under the age of consent, being incapable of consenting to sexual intercourse, is incapable of consenting to an assault in connection with an attempt to have intercourse. Such a person is not required to resist any efforts to such an assault. And consent does not enter into the offense. Therefore, when the female is under the age of consent, it is not necessary that there be shown such force on the part of the assailant as to overcome all resistance on her part. Nevertheless, intent to commit rape at the immediate time is essential to constitute the crime. Mere solicitation of intercourse does not amount to an assault with intent to rape. There must be something more than the creation of a sense of shame or other disagreeable emotion or constraint. There must be such force used in connection with the case as to establish beyond a reasonable doubt the purpose of the defendant to, at the very time, have carnal knowledge with the female in question, with or without her consent, regardless of how slight the force may be. There must be a taking hold of the girl in such a manner as to indicate the intent to have carnal knowledge, and the assault and intent must concur as

to time." 48 Tex.Jur.2d, Rape, Sec. 14, p. 646.

We conclude that the evidence is sufficient to sustain the jury's verdict. Grounds of error #1, #3 and #4 are overruled.

In ground of error #2 appellant contends the prosecutrix was an incompetent witness who did not understand the obligation of an oath and was unable to demonstrate she possessed sufficient intelligence to relate the transactions with respect to which she was interrogated.

When the prosecutrix was called as a witness the court undertook to determine her competency to testify. It was established by the court's questions that she was 13 years old, in the fifth grade at school, attended church and knew the meaning of an oath and what it meant to swear to tell the truth. Thereafter, the prosecutrix testified on direct examination without objection.

On cross-examination when she indicated she did not know what would "happen to" her if she did not "tell the truth" the appellant challenged her competency as a witness. In the absence of the jury the witness related that she did not know the meaning of an oath or what it meant to tell the truth or a lie.

After further explanation by the court, the record reflects the following questions by appellant's counsel.

"Q. (By Mr. Levy) Well, Gloria, you do know that there is a difference don't you, between telling the truth and telling a lie?

"A. Yes, sir.

"Q. And you will promise to tell the truth, won't you?

"A. Yes, sir.

"Q. Now, you know it's wrong, as the Judge told you, in the eyes of God to tell a lie? Do you know that?

"A. Yes, sir.

"Q. And you don't want to do anything wrong in the eyes of God, do you?

"A. No, sir.

"MR. LEVY: I believe that's all, your Honor.

"THE COURT: Okay. Return the jury to the jury box."

Article 38.06, Vernon's Ann.C.C.P., provides in part:

"All persons are competent to testify in criminal cases except the following:

"1. * * *

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

■ The competency of a witness is generally a question for determination by the court and its ruling in that regard will not be disturbed unless an abuse of discretion is shown. 61 Tex.Jur.2d, Witnesses, Secs. 67, 47.

■ Once objection was made to the competency of the prosecutrix it appears clear that the careful trial court followed the established procedure in determining the competency of the 13 year old witness. 61 Tex.Jur.2d, Witnesses, Secs. 60–67. While it may be argued that her testimony was not entirely consistent, we do not conclude that the trial court abused its discretion in holding that the prosecutrix was a qualified witness.

Ground of error #2 is overruled.

The judgment is affirmed.

WOODLEY, P. J., not participating.