Clark R. GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48832.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

---

Gerald T. Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Ross, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to rape. After the jury returned a verdict of guilty, punishment was assessed by the court at five (5) years.

At the outset appellant contends the evidence is insufficient to support the conviction.

The record reflects that the eight-year-old prosecutrix[1] was taking a nap in the

---

1. The record reflects that the prosecutrix was eight on the date of the offense and nine at the time of trial.

front room of her home in Houston about 1:00 p. m. on July 3, 1972. Her mother, who worked at night, was asleep in another part of the house. Appellant, described by prosecutrix as a friend of the family, came to the front door, rang the doorbell, and told prosecutrix to let him in. Prosecutrix advised appellant that her mother had told her not to open the door. After appellant continued in his request, the prosecutrix opened the door for him.

According to prosecutrix, appellant "went in to see if my mother was asleep." Appellant returned to the front room, smoked a cigarette, and approached prosecutrix, who was lying on the floor, and pulled prosecutrix' shorts and underpants down. Appellant unzipped his pants, spread prosecutrix' legs, and put his finger in her "front" and "back" private parts. The prosecutrix described appellant's position as "laying on me" and "over me." The mother of the prosecutrix entered the room and testified that she observed the following:

> "I saw him [appellant] leaning over . . . [prosecutrix] with everything she had—she had shorts and panties pulled down over her left ankle of one leg and her legs spread apart and he was back down over her like this. . . . He had his hands on her hips. . . . He saw me. . . . He got up and zipped his pants up. . . ."

Prosecutrix stated that before her mother entered the room she tried to yell and appellant "covered my mouth up."

■ One who handles or takes hold of the person of a female under the age of consent, with the present intent of having carnal knowledge of her, then and there, either with or without her actual consent, is guilty of an assault with intent to rape. Melton v. State, Tex.Cr.App., 442 S.W.2d 687; Steptoe v. State, 134 Tex.Cr.R. 320, 115 S.W.2d 916.

■ The intent or purpose of appellant must be determined by the trier of the

facts from appellant's conduct, in light of the facts and circumstances shown. In doing so, the trier of the facts has the right and duty to consider the experience of mankind. Willis v. State, Tex.Cr.App., 473 S.W.2d 200.

Appellant urges that no testimony was introduced relative to words spoken which would evidence an intent to rape and that there was no evidence that appellant's penis was ever removed from his pants.

The record reflects the following occurred on cross-examination of the mother of the prosecutrix:

> "Q. [Appellant's counsel] In the meantime, could you see his privates exposed or did you see his privates exposed?
>
> "A. I don't remember.
>
> "Q. You don't remember seeing it?
>
> "A. No.
>
> "Q. So then, you would·conclude that he was trying to rape your daughter because he had his arms on her and pulling her up to him?
>
> "A. He had already—he was, in fact, he was in the process of doing— raping her then. He had her clothes off. And the odor—and his pants unzipped and his position.
>
> "Q. But you didn't see his privates exposed?
>
> "A. I don't remember seeing his privates exposed."

■ The fact that there was no attempted penetration and rape is not determinative of intent as the offense is completed when there is an assault with intent to commit rape. McBrayer v. State, Tex. Cr.App., 504 S.W.2d 445; Jaffrion v. State, Tex.Cr.App., 501 S.W.2d 322. The appellant was in a position to have completed the act of rape. If he were frustrated in the completion of the act by the presence of the mother of the prosecutrix,

this would be no defense. McBrayer v. State, supra; Willis v. State, supra. We conclude that the facts and circumstances shown are sufficient to find that the appellant had the present intent to complete the offense and that the evidence supports the conviction.

■ Appellant contends the court committed fundamental error when it failed to inquire into the victim's competence to testify "when the testimony of the nine-year-old witness on its face established she did not possess sufficient intellect to relate the transactions with respect to which she was interrogated."

In Carr v. State, Tex.Cr.App., 475 S.W. 2d 755, where the competency of a nine-year-old witness was challenged for the first time on appeal, this Court said:

"Usually, the competence of a witness is waived when she is permitted to testify without objection. English v. State, 170 Tex.Cr.R. 56, 338 S.W.2d 446. Unless a child's testimony shows on its face that he or she was incompetent to testify complaint as to her testimony raised for the first time on motion for new trial or on appeal comes too late. Dubois v. State, 164 Tex.Cr.R. 557, 301 S.W.2d 97, cert. den. 356 U.S. 921, 78 S.Ct. 705, 2 L.Ed.2d 717. See also 4 Branch's Ann. P.C., 2d Ed., Sec. 1945, p. 264."

In the instant case appellant urges that even in the absence of an objection to the competency of the nine-year-old prosecutrix, the court should have inquired into her competence to testify in view of her testimony.

Appellant points to the testimony of prosecutrix where she was unable to give her correct address and repeated a mistaken address on two occasions. Appellant further notes that prosecutrix was unable to testify as to how long she and her mother had lived at their address and that it was necessary for the prosecutor to ask leading questions to elicit information from prosecutrix on numerous occasions.

Common sense dictates that it is a traumatic experience for a nine-year-old girl to appear as a witness in court. Particularly is this true where the child-witness is the prosecutrix in a case such as this. Under these circumstances, it is not surprising that a nine-year-old child might be unable to give her correct address or relate how long she had lived at a particular place. We have reviewed the testimony of the prosecutrix and find that it does not reflect on its face that the witness was incompetent.

■ Appellant contends that the application of Art. 1162, Vernon's Ann.P.C.[2] (assault with intent to rape), to the facts of this case amounts to a denial of due process of law under the Fourteenth Amendment "inasmuch as appellant could not have been apprised by the terms of that Article that merely inserting his finger into the anus and vagina of a female child could constitute assault with intent to rape."

Appellant argues "it cannot be plausibly contended that merely touching a person in a manner that does not injure the person, and without physical violence, establishes both the intent to commit an assault and the offense itself."

Appellant's premise is faulty in that it includes only a portion of the incriminating evidence. The court's charge on the law of assault with intent to rape included a definition of assault. See Secs. 3473 and 3474, Willson's Texas Criminal Forms. The evidence has heretofore been reviewed and found to support the conviction. Appellant's contention that Art. 1162, V.A.P. C., as applied to this case denied appellant due process of law is clearly without merit.

Lastly, appellant urges that the evidence establishes no more than a violation of

2. Art. 1162, supra, provides:
"If any person assaults a woman with intent to commit the offense of rape, he shall be confined in the penitentiary for any term of years not less than two."

Art. 535d, V.A.P.C. (handling or fondling child's sexual parts), and does not support the conclusion that appellant intended to rape the prosecutrix.

Appellant's contention and argument in support thereof amount to nothing more than a challenge of the sufficiency of the evidence to support the conviction. This contention has been answered adversely to appellant in his first ground of error.

The judgment is affirmed.

Opinion approved by the Court.